IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| NEW NGC, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:10-CV-22 |
| ) | |
| ACE AMERICAN INSURANCE ) | |
| COMPANY, et.al, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

Comes now the Defendant Lumbermens Mutual Casualty Company (hereinafter "LMC") and through counsel, and presents to this Honorable Court the following Memorandum of Law and arguments supporting its Motion to Dismiss the Amended Complaint, which is filed contemporaneously herewith. Defendant would show unto the Court as follows:

### LEGAL STANDARD

1. All complaints filed in Federal Courts must comply with the pleading requirements of Federal Rules of Civil Procedure Rule 8 (a). As the United States Supreme Court elucidated in *Bell Atlantic Corp. v. Twombly*, 550 U.S.

1

544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do [.]" *Id.* at 1964-1965.

2. Under Federal Rule of Civil Procedure Rule 12(b)(6), motions to dismiss should be granted if, after accepting all well-pleaded allegations in the complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of its claim that entitles it to relief. In ***Bell Atlantic Corp. v. Twombly, supra at 570,*** the Supreme Court has held that, to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face. " Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual enhancement." Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.,* S.Ct., at 1949. The Supreme Court explained that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

*plausible* on its face.'" *Id.* What is plausible is defined by the Court. *See also* **Dorman v. Grain Dealers Mut. Ins. Co.** 2010 WL 1462551, 3 (W.D.N.C. 2010). While a court accepts *plausible* factual allegations made in the complaint as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.* at * 3 *citing* **Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP,** 213 F.3d 175, 180 (4th Cir.2000).

3. Plaintiff's Amended Complaint fails to meet the *Bell Atlantic* plausibility pleading standard because it fails to specifically allege that the one policy of insurance it alleges LMC issued contractually provides an obligation "to pay the cost and expenses of investigating, defending and resolving claims against NGC." It can not make such allegations because it knows the LMC policy expressly **does not** provide such benefits.

4. In considering a motion to dismiss, the Court may consider the complaint, documents incorporated or referenced in the complaint, and any other undisputedly authentic documents on which the plaintiffs' claims are based without converting the motion into one for summary judgment. **In re Wachovia Corp. ERISA Litigation** 2010 WL 3081359, 2 (W.D.N.C.2010)

3

5. The Amended Complaint referenced LMC policy number **5AA 045-466-00.** A copy of that Policy is attached hereto as **Exhibit A** to this Motion and incorporated herein as if set out in full. That Policy unequivocally and undisputedly provides:

**DEDUCTIBLE LIABILITY ENDORSEMENT
(DAMAGES PLUS ALL CLAIM EXPENSE)**

**AMENDATORY ENDORSEMENT # 2**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

II. <u>Limitation of Defense, Investigation and Settlement Obligations</u>

The terms of the policy with respect to our obligations in the defense of suits and investigation and settlement of claims are replaced by the following:

A. We shall have the right, but not the duty or obligation to:
  1. defend or participate in the defense of any "suit" against the Insured and
  2. investigate and settle any "occurrence", offense, claim or suit.

B. If we choose not to investigate any "occurrence", offense or claim, or not to defend any "suit" against the insured, you will, at your own cost, see to it that all necessary investigation and defense is made, and will, to the best of your ability effect settlement we agree to. You agree to discharge this obligation solely by means of your contract with the claim service provider stated in the schedule of this endorsement for claim adjustment services. If such services do not run to the ultimate disposition of all claims or "suits" to which this insurance applies, we shall have the right to approve a replacement or to assign NATLSCO, Inc. to provide claim adjustment services at your expense.

IV. <u>Allocation of Costs of Defense, Investigation and Settlement</u>

We will not be obligated to pay any part of the claim expense.

4

See further the complete form of Endorsement # 2 at pages 12 & 13 of **Exhibit A.**

6. In considering a Motion to Dismiss under Rule 12(b)(6), a court need not accept "allegations that contradict matters properly subject to judicial notice or by exhibit." *In re Stonebridge of Mint Hill, LLC,* 2010 WL 3943764, 2-3 (Bkrtcy.W.D.N.C.2010) *citing Veney v. Wyche,* 293 F.3d 726, 730 (4th Cir.2002).

7. Contrary to the general conclusory allegations of the Amended Complaint, LMC's policy does not obligate it to undertake or pay the 'cost and expenses of investigating, defending and resolving claims against NGC." LMC has no obligation to settle any suits or claims or to reimburse or indemnify NGC for any settlements.

8. Contrary to the general conclusory allegations of the Amended Complaint, under LMC's Policy no right to recover for settlements or judgments would inure until after a final judgment or settlement is agreed to in writing by LMC. See Policy provision:

> 3. Legal Action Against Us
>
> No person or organization has a right under this Coverage Part.

> b. To sue us on this Coverage Part unless all of its terms have been fully complied with.
>
> A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured obtained after an actual trial; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

Exhibit A page 41 of 80.

9. The Amended Complaint fails to allege any agreed upon settlement or judgment after trial so as to invoke any obligation of indemnity by LMC under its policy. The Plaintiff's generalized, formulaic, conclusory allegations about speculative claims, settlement or judgments that might implicate LMC's policy are exactly the type of speculative and sheer possibility claims, devoid of sufficient factual matter, which do not meet the plausibility pleading standard recognized by this Court. The Plaintiff's claims against LMC are therefore subject to dismissal under Rule 12(b)(6).

**WHEREFORE,** Defendant LMC prays this Honorable Court consider this Memorandum of Law and the arguments presented thereby in support of its Motion to Dismiss, etc. and to enter an Order dismissing the Amended Complaint as to LMC as to all or part of the claims asserted therein, or to grant summary

judgment in favor of LMC and to strike those claims from the Amended Complaint or otherwise dismiss LMC as a defendant in this matter.

Respectfully submitted this the 29th day of October, 2010.

        s/ Louis G. Spencer
        Louis G. Spencer (#36019)
        Andrew W. Lax
        McNair Law Firm, P.A.
        301 South Tryon Street
        Suite 1615
        Charlotte , North Carolina 28282
        Tel: (704) 347-1170
        Fax: (704) 347-4467
        E-Mail: lspencer@mcnair.net

        s/ Tom E. Ellis
        Tom E. Ellis (*Pro Hac Vice*)
        Ellis & Bloom, LLC
        300 Office Park Drive
        Suite 206
        Birmingham, Alabama 35223
        Tel: (205)870-5565
        Fax: (205)870-5990
        E-Mail: tee@teelaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| NEW NGC, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:1O-CV-22 |
| | ) |
| ACE AMERICAN INSURANCE | ) |
| COMPANY, et.al, | ) |
| | ) |
| Defendants. | ) |

CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2010, I electronically filed the foregoing the foregoing Motion to Dismiss, etc. was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

*Counsel for Plaintiff New NGC, Inc.:*

R. Steven DeGeorge - sdegeorge@rbh.com
ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246

Michel Y. Horton, Esq.
mhorton@morganlewis.com
Davis S. Cox, Esq. dcox@morganlewis.com
Jennifer M. Kennedy
jennifer.kennedy@morganlewis.com
Morgan, Lewis & Bockius, LLP
300 South Grand Ave. Twenty-Second Floor
Los Angeles, CA 90071-3132

Paul A. Zevnik, Esq. -
pzevnik@morganlewis.com
Janice L. Kopec, Esq.-
jkopec@morganlewis.com
Morgan Lewis & Bockius, LLP

*Counsel for National Union Fire Insurance Company of Pittsburg, PA*

Joseph A. Hinkhouse - jhinkhouse@hww-Iaw.com

8

Sara Uffelman Gattie - suffelman@hww-law.com
HINKHOUSE WILLIAMS WALSH LLP
180 North Stetson, Suite 3400
Chicago, Illinois 60601

Susan K. Burkhart- skb@cshlaw.com
CRANFILL, SUMNER & HARTZOG, L.L.P.
P.O. Box 27808
Raleigh, North Carolina 27611

*Counsel for Defendant ACE American Insurance Company*

Kimberly Sullivan, Esquire - ksullivan@cozen.com
301 South College Street, Suite 2100
Charlotte, N.C. 28202

*Counsel for Defendant American Guarantee & Liability Insurance Company*:

J. Randolph Evans, Esq.
revans@mckennalong.com

303 Peachtree Street, NE, Ste. 5300
Atlanta, GA 30308-3265

J. Stephen Berry, Esq.
sberry@mckennalong.com
McKenna Long & Aldridge, LLP

James W. Bryan, Esq. jbryan@nexsenpruet.com
Nexsen Pruet, LLC
701 Green Valley Road, Suite 100
Greensboro, North Carolina 27408

*Counsel for Defendant Liberty Insurance Underwriters, Inc.:*

Hatcher B. Kincheloe, Esq.
hkincheloe@hedrickgardner.com
Hedrick Gardner Kincheloe & Garofalo, LLP
P.O. Box 30397
Charlotte, NC 28230

Respectfully submitted this the 29th day of October, 2010.

s/ Louis G. Spencer